1  BLANK ROME LLP
   Lawrence C. Hinkle (SBN 180551)
2  Hinkle-l@blankrome.com
   Cheryl S. Chang (SBN 237098)
3  Chang@blankrome.com
   1925 Century Park East, 19th Floor
4  Los Angeles, Ca 90067
   Telephone:  424.239.3400
5  Facsimile:   424.239.3434

6  Attorneys for Defendant
   Language Services Associates, INC.
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | LANGUAGE LINE SERVICES, INC., a       | Case No. CV 10-02605JW
   | Delaware corporation,                 |
12 |                                       | **DECLARATION OF BRIAN T.
   |              Plaintiff,               | WOLFINGER IN SUPPORT OF
13 |                                       | DEFENDANT LANGUAGE
   |    vs.                                | SERVICES ASSOCIATES, INC.'S
14 |                                       | OPPOSITION TO PLAINTIFF
   | LANGUAGE SERVICES ASSOCIATES,         | LANGUAGE LINE SERVICES,
15 | LLC, a Pennsylvania corporation; WILLIAM | INC.'S APPLICATION FOR
   | SCHWARTZ, an individual; PATRICK      | PRELIMINARY INJUNCTION**
16 | CURTIN, an individual; and DOE        |
   | DEFENDANTS 1 THROUGH 50,              | Date: July 12, 2010
17 |                                       | Time: 9:00 a.m.
   |              Defendants.              | Place: U.S. Courthouse, 280 South
18 |                                       | First Street, San Jose, California
                                            Judge: Hon. James Ware

19

20

21

22

23

24

25

26

27

28                     **DECLARATION OF BRIAN T. WOLFINGER**

117115.06501/21887181v.1

I, Brian T. Wolfinger, hereby declare as follows:

1. I am the Vice President of Digital Forensics and E-Discovery at LDiscovery, a digital forensics, corporate investigations, and electronic discovery firm with offices in the Philadelphia, Chicago, New York City and Washington, DC metro areas. I make this declaration of my personal knowledge and/or my review of the documents cited herein, and could and would testify competently thereto. A true and correct copy of my curriculum vitae is attached as Exhibit A.

2. On or about June 22, 2010, the law firm of Blank Rome supplied me with a Complaint in the above-captioned matter dated June 14, 2010, alleging, *inter alia*, that Defendants possess on their computer system certain files and/or data that are the confidential and/or protected property of the Plaintiff. I was also supplied with the Declaration of Anthony J. Merlino, signed June 14, 2010 (the "Declaration"), which recommended a method for examining Defendants' computer systems as a means of identifying and removing such offending data and files. I examined this Complaint and the Declaration.

3. The procedure for data collection and review outlined by Mr. Merlino in the Declaration would be extremely intrusive to the Defendants' sensitive electronic information. Specifically, a full forensic image (the "clone" described by Mr. Merlino) of the Defendants' servers and/or computers is overly intrusive and unnecessary, particularly since the goal of the procedure advocated by Plaintiff is to remove any offending data or files in Defendants' possession by: 1) identifying such data or files; 2) deleting such data or files; and, 3) "wiping" such data or files from the Defendants' media, i.e. overwriting the "unallocated" areas of the systems in question, where such deleted data or files (and any previously deleted copies) would reside, to Department of Defense standards so as to render all such data or files unrecoverable by any means. These goals can be accomplished completely without duplicating large

1

**DECLARATION OF BRIAN T. WOLFINGER**

portions of the Defendants' entire computer architecture —which would mean copying massive amounts of the Defendants' sensitive information unrelated to the present litigation – and placing it in the hands of a third party.

4. To identify and/or eliminate any offending active data, rather than follow the procedure described in Mr. Merlino's Declaration, I would instead recommend the following procedure, to be conducted by LDiscovery:

    a. LDiscovery would "wipe" (as described above) the unallocated space on the drives of all involved Defendant systems, thus rendering unrecoverable *any* deleted data – including but not limited to the offending data or files - that may have been in "unallocated space" on the Defendants' system in a deleted state and so conclusively preventing Defendants from accessing any offending data or files that may have been previously deleted;

    b. With respect to locating any active data or files, LDiscovery would identify the content in question, by file name, extension, MD5 hash value[1] or keyword search if necessary;

    c. LDiscovery would first extract detailed metadata listings from all of the devices in question, including the MD5 hash values of all active files on those systems;

    d. LDiscovery would provide the metadata listings for review and search for instances of the offending files (by name or MD5 hash);

    e. LDiscovery would then perform targeted collections of just those locations with the Defendants' computer architecture which

---

[1] To amplify the definition provided by Mr. Merlino in his Declaration (page 3, paragraph 6), a "hash" value is an alphanumeric string assigned to any bounded digital artifact, from a small file to the hard drive of a computer to a server, by subjecting the digital artifact to a complex algorithm. The result of that computation will be a hash value unique to the digital artifact. Use of the "MD5" algorithm, perhaps the most popular one, results in an "MD5 hash value." As Mr. Merlino further makes clear in his Declaration (page 3, paragraph 6), any offending data or files will be readily identifiable by MD5 hash value and/or keyword searching.

2

DECLARATION OF BRIAN T. WOLFINGER

117115.06501/21887181v.1

contain the data or files in an active state, and then "wipe" (as described above) any remaining offending files.

5. The procedure described in this Declaration is much less intrusive and burdensome to the continuation of Defendants' business, less expensive, and quicker than the procedure outlined by Mr. Merlino in his Declaration. It is no less robust a method of identifying and eradicating any offending data or files based on Mr. Merlino's description of the files.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June, 2010 at 425 Commerce Drive, Suite 125, Fort Washington, PA.

_____
Brian T. Wolfinger

3

DECLARATION OF BRIAN T. WOLFINGER

117115.06501/21887181v.1