THOMAS HR DENVER (56872)
Mediation Masters
96 North Third Street
Suite 300
San Jose, CA 95112

Telephone:  (408) 280-7883
Facsimile:    (408) 292-7868

Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANGUAGE LINE SERVICES, INC., | No. C 10-02605 JW |
| Plaintiff, | DISCOVERY ORDER NO. 2 |
| vs. | |
| LANGUAGE SERVICES ASSOCIATES, LLC, et al., | |
| Defendants. | |

Plaintiff Language Line's "Request For Determination By Special Master That LSA Cannot Communicate With Language Line Customers Except As Permitted Under The Preliminary Injunction" came on for hearing on November 23, 2010.  Briefing having been reviewed and opportunity for oral argument provided, it is ordered as follows:

The request is GRANTED.

REASONS FOR DECISION

The Preliminary Injunction in this matter was issued by the Court following substantial briefing and extensive oral presentations by plaintiff and defendants.  The Injunction is concise in its language.

DISCOVERY ORDER NO. 2

The language which is relevant here is as follows:

> "Contacting, communicating, soliciting, dealing, or doing business with any of the customers or their representatives appearing on the Brian List, the September 2009 Report or any other document or records containing any of Plaintiffs Trade Secrets, except where Defendant LSA has an existing contractual relationship with such a customer that was not obtained using any of Plaintiffs Trade Secrets, and only to the extent necessary for Defendant LSA to satisfy its currently existing contractual obligations to that customer."

Subsequently, Defendant LSA brought a motion for "Leave to File Motion for Reconsideration" (Document 66). By that motion, Defendant sought leave to have the Court reexamine the language of its Preliminary Injunction Order (Document 50). The motion for Leave to File a Motion for Reconsideration was *denied*. In opposing the present motion, Defendant relies, substantially, on language in the Court's Order denying LSA's Motion for Leave to File Motion for Reconsideration which can best be characterized as dicta. The Court found that Defendant's contentions were unpersuasive, insofar as Defendant claimed that the Court had overlooked or failed to appreciate certain facts. The Court stated as follows:

> "The Court finds that its Injunction is specific and narrowly tailored, and does not prevent Defendant from contacting customers that it was aware of prior to the alleged misconduct, or any customer that Defendant was aware of independent of Plaintiffs trade secret information."

Subsequent to that Order it came to Plaintiffs attention that named Defendant William Schwartz, in his role as strategic sales manager for Defendant, had directed an email to an individual at JP Morgan Chase, soliciting business. The essence of the email is captured in one sentence, which reads: "My goal is to reach out to you in hopes of learning more about your organization and some of your initiatives that you are trying to accomplish this year."

It is abundantly clear from the email and from the arguments set forth by Defendant in opposing the present motion, that JP Morgan Chase is not a "customer" as that word is used in the Preliminary Injunction.  The term "customer," according to Blacks Law Dictionary, is "one who regularly or repeatedly makes purchases of, or has business dealings with, a tradesman or business house."  The Oxford English Dictionary defines a customer as "a person who makes a purchase or gives business, especially habitually to any particular seller."  On the face of the referenced email, Mr. Schwartz is soliciting new business from an entity which is not a "customer."

JP Morgan Chase is identified as a customer on the documents which make up Plaintiffs asserted trade secret and which is the subject of the Preliminary Injunction.

The Special Master notes that Mr. Schwartz is one of the named Defendants who allegedly took Plaintiffs customer list with him when he took employment with Defendant.

Even accepting at face value Mr. Schwartz's assertion, set out in the opposing papers, that he found JP Morgan Chase through publicly available sources and without reference to Plaintiffs list, Mr. Schwartz was not soliciting a "customer" with whom LSA "has an existing contractual relationship," as required by the Preliminary Injunction.

The Special Master notes further that in deciding to solicit business from JP Morgan Chase sought guidance regarding the Preliminary Injunction not from counsel, but rather from Defendant's vice president of sales and marketing.

In its opposition, Defendant seeks an interpretation of the language of the Preliminary Injunction which would allow it to contact any entity identified on Plaintiffs lists, whether or not it was an LSA customer and for purposes beyond maintenance of an

-3-

existing relationship, so long as LSA could somehow asset that it had identified that customer independent of Plaintiffs lists.  That is not what the Injunction specifies.

Defendant argues that its business is being negatively impacted by the Injunction. That, of course, is in the nature of what Injunctions do.  The Special Master notes that Defendant is at liberty to conduct its business with existing customers, under the terms of the Injunction and with the entire universe of potential customers who do not appear on Plaintiffs lists.

As stated by the Court in denying Defendant's request to file a Motion for Reconsideration of the Preliminary Injunction, the meaning of the Preliminary Injunction is clear and the limitations placed upon Defendant straightforward.  Defendant may contact entities identified on the lists constituting Plaintiffs trade secrets only where such entity has an existing contractual relationship with Defendant and only for the purpose of satisfying obligations under that contract.

In its opposition, Defendant assets that it had 'registered' with JP Morgan Chase as a 'certified woman-owned business enterprise.'  This 'registration' however, does not convert the relationship to one of 'customer and supplier' but rather is an approach to a prospective customer.  It does not take JP Morgan Chase outside the language of the Injunction.

Finally, Defendant argues that the information on Plaintiffs list of trade secrets 'is essentially useless in LSA's sales efforts' and that '(such information) does not even constitute a 'trade secret.'  Any such arguments constitute a request to reconsider the language of the Injunction yet again and are beyond the scope of the Special Master's assignment.

-4-

1    The parties have ten days from the date of this Order to file any objection.

2

3 Dated:  November 23, 2010       _____/s/ Thomas HR Denver_

4                THOMAS HR DENVER

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISCOVERY ORDER NO. 2