**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Language Line Services, Inc., | NO. C 10-02605 JW |
| Plaintiff, | **ORDER OVERRULING DEFENDANT'S OBJECTIONS TO SPECIAL MASTER'S DISCOVERY ORDER NO. 2** |
| v. | |
| Language Services Assoc., LLC, et al., | |
| Defendants. | |

Presently before the Court is Language Services Associates, Inc.'s ("Defendant") Objections to Special Master's November 23, 2010 Interim Report Granting Plaintiff Language Line Services, Inc.'s Request for Determination. (hereafter, "Objections," Docket Item No. 96.) Language Line Services, Inc. ("Plaintiff") filed an Opposition to the Objections. (Docket Item No. 102.) The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b).[1]

On November 23, 2010, the Special Master issued Discovery Order No. 2, in which he granted Plaintiff's request for a determination that Defendant LSA cannot communicate with JP Morgan Chase. (hereafter, "DO 2," Docket Item No. 94.) In Discovery Order No. 2, the Special Master determined that: (1) JP Morgan Chase is identified as a customer on the documents which

---

[1] Accordingly, the Court DENIES as moot Defendant LSA's Motion for an Order Scheduling a Hearing for LSA's Objection to the Special Master's November 23, 2010 Interim Report Granting Plaintiff Language Line Services, Inc.'s Request for Determination. (Docket Item No. 98.) The Court rejects Defendant LSA's contention that the Court must grant Defendant "oral argument" on its objections. Federal Rule of Civil Procedure 53(f) merely speaks to "giv[ing] the parties notice and an opportunity to be heard." Fed. R. Civ. P. 53(f)(1). Rule 53(f) does not require a hearing. Here, Defendant LSA has filed an extensive brief for the Court's consideration.

make up Plaintiff's asserted trade secret and which is the subject of the Preliminary Injunction; and (2) JP Morgan Chase was not a prior "customer" of Defendant.  (DO 2 at 1-2.)

The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law.  (See Order of Appointment, Docket Item No. 51 at 2.)

Here, the Court finds that the Special Master's recommendation is not clearly erroneous or contrary to law.  The Court's Injunction prevents Defendant from:

> Contacting, communicating, soliciting, dealing, or doing business with any of the customers or their representatives appearing on the Brian List, the September 2009 Report or any other document or records containing any of Plaintiff's Trade Secrets, except where Defendant LSA has an existing contractual relationship with such a customer that was not obtained using any of Plaintiff's Trade Secrets, and only to the extent necessary for Defendant LSA to satisfy its currently existing contractual obligations to that customer.

(Docket Item No. 50.)  The Special Master specifically found that JP Morgan Chase was not a prior "customer" of Defendant because of, among other reasons, an email that Defendant William Schwartz, in his role as strategic sales manager for Defendant, sent to an individual at JP Morgan Chase, soliciting business "in hopes of learning more about your organization and some of your initiatives that you are trying to accomplish this year."[2]  (DO 2 at 3.)  The Special Master also noted that "[e]ven accepting at face value Mr. Schwartz's assertion . . . that he found JP Morgan Chase through publicly available sources and without reference to Plaintiff's list, Mr. Schwartz was not soliciting a 'customer' with whom LSA 'has an existing contractual relationship,' as required by the Preliminary Injunction."  (Id.)  Upon review, the Court finds that neither of these factual findings by the Special Master are clearly erroneous.  To the extent that Defendant seeks to revisit or modify the terms of the Injunction, the Court already denied Defendant's Motion for Reconsideration.  (See Docket Item No. 66)

---

[2] Nor did the Special Master err in adopting the commonplace definition of a customer as "a person who makes a purchase or gives business, especially habitually to any particular seller" as outlined in the Oxford English and Black's Law Dictionaries.  (DO 2 at 3.)

Accordingly, the Court OVERRULES Defendant's Objection to Special Master Discovery Order No. 2.

Dated: December 7, 2010

JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cheryl Stephanie Chang chang@blankrome.com
Christopher Joseph Marino cmarino@cdas.com
Danielle Ochs-Tillotson dot@ogletreedeakins.com
Lawrence Curtis Hinkle hinkle-l@blankrome.com
Mark J. Nagle mnagle@murphyrosen.com
Paul D. Murphy pmurphy@murphyrosen.com
Robert L. Meylan rmeylan@murphyrosen.com
Sarah Rebecca Nichols sarah.nichols@ogletreedeakins.com
Steven Marc Weinberg smweinberg@cdas.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated:  December 7, 2010**                              **Richard W. Wieking, Clerk**

**By:      /s/ JW Chambers**
          **Elizabeth Garcia**
          **Courtroom Deputy**