IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Language Line Services, Inc., | NO. C 10-02605 JW |
| Plaintiff, | **ORDER DENYING DEFENDANTS CURTIN AND SCHWARTZ'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| Language Services Assoc., LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

Language Line Services, Inc. ("Plaintiff") brings this action against Language Services Associates, LLC ("LSA"), Patrick Curtin and William Schwartz (collectively, "Defendants"), alleging, *inter alia*, misappropriation of trade secrets and conversion. Plaintiff alleges that Defendants stole Plaintiff's confidential customer list and accompanying pricing information and distributed this information to Defendant LSA's sales people for use in soliciting more customers.

Presently before the Court is Defendants Curtin and Schwartz's Motion to Dismiss Plaintiff's Complaint.[1]  The Court finds it appropriate to take the Motion under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court DENIES Defendants Curtin and Schwartz's Motion to Dismiss for lack of personal jurisdiction.

---

[1] (hereafter, "Motion to Dismiss," Docket Item No. 56.)

## II. BACKGROUND

**A.  Factual Allegations**

In an Amended Complaint filed on November 22, 2010,[2] Plaintiff alleges as follows:

Plaintiff is a Delaware corporation with its principal place of business in Monterey, California.  (FAC ¶ 2.)  Defendant LSA is a Pennsylvania corporation with its principal place of business in Pennsylvania.  (Id. ¶ 5.)  Defendant Patrick Curtin is an individual residing in New York, and is an employee of Defendant LSA.  (Id. ¶ 3.)  Defendant William Schwartz is an individual residing in Williamsville, New York, and is also an employee of Defendant LSA.  (Id. ¶ 4.)

Plaintiff is the largest provider of language interpretation and translation services in the United States.  (FAC ¶ 10.)  Defendant Curtin worked for Plaintiff from August 2007 to August 2008.  (Id. ¶¶ 14-18.)  Defendant Schwartz worked for Plaintiff from May 2008 to February 2010.  (Id. ¶¶ 22-27.)  Upon commencing their employment, Defendants Curtin and Schwartz both signed confidentiality agreements.  (See id. ¶¶ 14-16, 22-23.)  After leaving their employment with Plaintiff, Defendants Curtin and Schwartz became employed with Defendant LSA.  (See id. ¶¶ 20, 31.)

Defendant Curtin and others at Defendant LSA conspired to recruit Defendant Schwartz, and hired him for the purpose of his bringing with him Plaintiff's trade secrets. (FAC ¶ 32.)  Defendant Schwartz secretly took confidential information regarding hundreds of Plaintiff's customers, including Plaintiff's customer list and accompanying pricing information; actual and projected annual volumes of interpretation needs; and actual and projected revenues.  (Id. ¶ 33.)  Defendant Schwartz gave this information to Defendants Curtin and LSA.  (Id. ¶ 34.)  Defendant Curtin distributed Plaintiff's confidential information and trade secrets to Defendant LSA's sales people for use in soliciting Plaintiff's customers. (Id. ¶ 36.)

---

[2]  (hereafter, "FAC," Docket Item No. 89.)

2

On the basis of the allegations outlined above, Plaintiff alleges six causes of action: (1) Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426-3426.11; (2) Conversion; (3) Breach of Duty of Confidence; (4) Breach of Fiduciary Duty; (5) Breach of Contract; and (6) Use of False and Misleading Statements in Commerce, 15 U.S.C. § 1125(a).

**B.   Procedural History**

On June 14, 2010, Plaintiff filed its Complaint and applied *ex parte* for a Temporary Restraining Order based on its misappropriation of trade secret claim. (See Docket Item Nos. 1, 3.) On June 14, 2010, the Court denied the *ex parte* application, but ordered the parties to show cause why a Preliminary Injunction should not issue. (See Docket Item No. 20.) On July 13, 2010, the Court granted Plaintiff's Motion for a Preliminary Injunction. (See Docket Item No. 50.)

On August 6, 2010, Defendants Curtin and Schwartz filed a Motion to Dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (See Docket Item No. 56.) On November 19, 2010, by Stipulation and the filing of an Amended Complaint, the portion of Defendants Curtin and Schwartz's Motion filed under Rule 12(b)(6) was taken off calendar, leaving only the 12(b)(2) portion of the Motion. (See Docket Item No. 87-88.) On November 22, 2010, Plaintiff filed its First Amended Complaint. (See Docket Item No. 89.)

Presently before the Court is Defendants Curtin and Schwartz's Motion to Dismiss.

### III.  STANDARDS

Motions to dismiss for lack of personal jurisdiction are brought pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Although the defendant ordinarily files such a motion, it is the plaintiff that bears the burden of proof as to the necessary jurisdictional facts. Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). However, the plaintiff need only make a prima facie showing that personal jurisdiction exists if the defendant files its motion to dismiss as an initial response. Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). To make a prima facie showing, the plaintiff need only to demonstrate facts that if true would

support jurisdiction over the defendant. Data Disc, 557 F.2d at 1285. The plaintiff must make a prima facie showing as to each defendant. Rush v. Savchuk, 444 U.S. 320, 332 (1980).

A federal district court may exercise personal jurisdiction to the same extent as a state court of the state in which the district court sits. Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 (1987). Since California courts extend jurisdiction to the very limits of the federal Constitution, federal courts in California need only determine whether the exercise of jurisdiction would comport with due process. See Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir. 1986)

Constitutional due process concerns are satisfied when a nonresident defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Later cases have clarified that the minimum contacts must be "purposeful acts." Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985). A long-arm statute may, consistent with constitutional due process, allow assertion of personal jurisdiction over owners and officers of a corporation if a court finds those officers to have sufficient minimum contacts with the forum state. See Davis v. Metro Productions, Inc., 885 F.2d 515, 522 (9th Cir. 1989).

When a defendant's contacts are not sufficiently systematic and continuous for a court to assert general jurisdiction, the Ninth Circuit uses the following test to evaluate a defendant's contacts for purposes of determining whether specific jurisdiction applies:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
>
> (2) The claim must be one which arises out of or results from the defendant's forum-related activities.
>
> (3) Exercise of jurisdiction must be reasonable.

Data Disc, 557 F.2d at 1287. "The plaintiff bears the burden of satisfying the first two prongs of the test." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). "For purposes of plaintiff's prima facie jurisdictional showing, 'uncontroverted allegations in . . . [plaintiff's]

4

complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in . . . [the plaintiff's] favor.'" Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1129 (9th Cir. 2010) (quoting Rio Props. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002)). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802.

## IV. DISCUSSION

Defendants Curtin and Schwartz move to dismiss Plaintiff's Complaint on the grounds that: (1) Defendants Curtin and Schwartz did not purposely direct their conduct towards this jurisdiction; (2) Plaintiff's claims do not arise out of their forum-related activities; and (3) the Court's exercise of jurisdiction would be unreasonable. (Motion to Dismiss at 1.) The Court considers each ground in turn.

### A. Purposeful Availment

Defendants Curtin and Schwartz contend that this Court does not have personal jurisdiction over them because they did not purposefully avail or direct their conduct towards this jurisdiction. (Motion to Dismiss at 9-11.)

Under the first prong of the three-part specific jurisdiction test, the Ninth Circuit most frequently employs a "purposeful availment" analysis in contract actions and a "purposeful direction" or "effects" test analysis in tort actions. Yahoo! Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1206 (9th Cir. 2006). Under the "effects" test, "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id.

Here, although Plaintiff has brought both contract and tort claims against Defendants Curtin and Schwartz, the Court will apply the "effects" test because the focus of Plaintiff's First Amended Complaint is on Defendants' alleged trade secret misappropriation. See, e.g., Menken v. Emm, 503 F.3d 1050, 1059 (9th Cir. 2007). First, Defendants Curtin and Schwartz committed intentional acts,

5

as they admit to taking and using Plaintiff's trade secret list.[3] Second, Defendants Curtin and Schwartz's conduct was expressly aimed at this district, as Plaintiff maintains its principal place of business in Monterey, California. (FAC ¶ 2.) Moreover, many of Plaintiff's customers listed in the misappropriated trade secret report are located in this district and in California.[4] Third, Plaintiff suffered harm in the forum state, as Defendants allegedly used Plaintiff's trade secrets in an attempt to steal California clients from a California corporation.[5] (Gilhooly Decl. ¶ 2.) Finally, Defendants Curtin and Schwartz were on notice that harm would be felt in this forum, as Defendants were formerly employed by Plaintiff and knew Plaintiff was headquartered here.[6]

Defendants Curtin and Schwartz's reliance on Schwarzenegger[7] is misplaced. (Motion to Dismiss at 10.) In Schwarzenegger, the Ninth Circuit held that the defendant's use of Arnold Schwarzenegger's image in a local Ohio newspaper was insufficient to confer jurisdiction because the advertisement "was expressly aimed at Ohio rather than California." 374 F.3d at 807. The court found that there was no "express aiming" at California because "[t]he Advertisement was never circulated in California, and . . . [the defendant] had no reason to believe that any Californians would see it." Id. Defendants Curtin and Schwartz, on the other hand, allegedly stole a client list with the intent of competing with a California corporation and stealing its clients, many of whom are also located in Northern California. Given these facts, Defendants' actions cannot be characterized as

---

[3] (Declaration of Patrick Curtin in Support of Motion to Dismiss ¶¶ 21-22, hereafter, "Curtin Decl.," Docket Item No. 58; Declaration of William Schwartz in Support of Motion to Dismiss ¶ 28, hereafter, "Schwartz Decl.," Docket Item No. 57.)

[4] (Declaration of Karen Gilhooly in Support of Memorandum in Opposition to Defendants Curtin and Schwartz's Motion to Dismiss ¶ 2, hereafter, "Gilhooly Decl.," Docket Item No. 91.)

[5] Defendants Curtin and Schwartz contend that the harm element is not satisfied because Plaintiff is a large corporation and provides services throughout the U.S. (Motion to Dismiss at 10.) With respect to the harm requirement, however, "[i]f a jurisdictionally sufficient amount of harm is suffered in the forum state, it does not matter that even more harm might have been suffered in another state." Yahoo! Inc., 433 F.3d at 1207. Thus, the Court rejects Defendants' contention.

[6] (Declaration of Adrian Jaworski in Support of Memorandum in Opposition to Defendants Curtin and Schwartz's Motion to Dismiss ¶ 6, Ex. 1, hereafter, "Jaworski Decl.," Docket Item No. 92.)

[7] 374 F.3d at 799.

6

localized in New York, where Defendants Curtin and Schwartz happen to reside. Thus, the Court finds that Plaintiff has met its burden to establish that Defendants Curtin and Schwartz purposefully directed their conduct towards this jurisdiction.

**B.    Whether the Claims Arise Out of Forum Related Activities**

Defendants Curtin and Schwartz contend that the Court does not have personal jurisdiction over them because Plaintiff's claims do not arise out of activities related to this forum. (Motion to Dismiss at 11.)

In evaluating whether a claim asserted in the litigation "arises out of forum-related activities," a court determines if the plaintiff "would not have been injured 'but for' the defendant's . . . conduct directed toward" the plaintiff in that forum. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1322 (9th Cir. 1998).

Here, Plaintiff would not have been injured but for Defendants Curtin and Schwartz's conduct directed toward California. Defendants Curtin and Schwartz both entered into employment agreements with a corporation headquartered in this district and were entrusted with Plaintiff's trade secret information.[8] Defendant Schwartz misappropriated a comprehensive customer list created in California and sent to Defendant Schwartz from California. (Jaworski Decl. ¶¶ 3-5.) Defendants Curtin and Schwartz allegedly distributed that list to Defendant LSA's sales people with the intent of competing with a California corporation and stealing its clients, many of whom are located in Northern California. (See, e.g., FAC ¶¶ 38-52; Gilhooly Decl. ¶ 2.) Thus, the Court finds that Plaintiff has met its burden to establish that its claims arise out of forum-related activities.

**C.    The Fairness of Jurisdiction**

Defendants Curtin and Schwartz contend that this Court's exercise of jurisdiction over them would be unfair and unreasonable. (Motion to Dismiss at 12-13.)

In addressing the question whether the exercise of jurisdiction is reasonable, a court

---

[8] (Declaration of Steven Weinberg in Support of Memorandum in Opposition to Defendants Curtin and Schwartz's Motion to Dismiss, Exs. 1-2, hereafter, "Weinberg Decl.," Docket Item No. 93.)

7

considers seven factors: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Burger King, 471 U.S. at 476-77. In considering these factors, "[n]o one factor is dispositive; a court must balance all seven." Panavision, 141 F.3d at 1323.

Here, it appears that Defendants Curtin and Schwartz may be burdened by having to litigate in this district, as both are based in New York, currently suspended from employment and have limited resources.[9] However, all of the remaining relevant factors favor jurisdiction. For example, Defendants Curtin and Schwartz purposefully interjected themselves into the forum because they knew that Plaintiff was a California-based corporation and that misappropriating its trade secrets would cause injury to Plaintiff in this district. Moreover, California has a strong interest in adjudicating a dispute involving misappropriation of the trade secrets of a California-based corporation. See Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1200 (9th Cir. 1988) ("California maintains a strong interest in providing an effective means of redress for its residents [who are] tortiously injured"). In addition, exercising jurisdiction over Defendants Curtin and Schwartz is the most efficient judicial resolution of the controversy, as the Court is already adjudicating Plaintiff's additional claims against Defendant LSA premised on the same facts. Finally, Plaintiff's interest in convenient and effective relief favors jurisdiction as Plaintiff is based here. Thus, the Court finds that Defendants Curtin and Schwartz have not met their burden to establish that exercise of jurisdiction is unreasonable.

Accordingly, the Court DENIES Defendants Curtin and Schwartz's Motion to Dismiss.

---

[9] (Curtin Decl. ¶ 24; Schwartz Decl. ¶ 30.)

8

## V. CONCLUSION

The Court DENIES Defendants Curtin and Schwartz's Motion to Dismiss for lack of personal jurisdiction.

Dated: December 9, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cheryl Stephanie Chang chang@blankrome.com
Christopher Joseph Marino cmarino@cdas.com
Danielle Ochs-Tillotson dot@ogletreedeakins.com
Lawrence Curtis Hinkle hinkle-l@blankrome.com
Mark J. Nagle mnagle@murphyrosen.com
Paul D. Murphy pmurphy@murphyrosen.com
Robert L. Meylan rmeylan@murphyrosen.com
Sarah Rebecca Nichols sarah.nichols@ogletreedeakins.com
Steven Marc Weinberg smweinberg@cdas.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated:  December 9, 2010**                    **Richard W. Wieking, Clerk**


                                                **By:     /s/ JW Chambers
                                                     Elizabeth Garcia
                                                     Courtroom Deputy**