THOMAS HR DENVER (56872)
Mediation Masters
96 North Third Street
Suite 300
San Jose, CA 95112

Telephone:  (408) 280-7883
Facsimile:    (408) 292-7868

Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LANGUAGE LINE SERVICES, INC., | No. C 10-02605 JW |
| Plaintiff, | DISCOVERY ORDER NO. 4 |
| vs. | |
| LANGUAGE SERVICES ASSOCIATES, LLC, et al., | |
| Defendants. | |

Defendants' Motion, Styled "Request for Special Master's Recommendation That LSA Can Communicate With National Grid" came on for hearing on December 22, 2010. Briefing having been reviewed and oral argument having been heard, it is ordered as follows:

The Motion is denied.

REASONS FOR DECISION

Defendant, LSA, seeks leave to continue contact with National Grid, an entity which appears on the Trade Secrets list.  Defendant distinguishes this motion from its earlier motion seeking permission to deal with another such entity by asserting that in this

-1-
DISCOVERY ORDER NO. 4

instance, National Grid approached defendant, rather than the other way around.  Under the circumstances presented, this is a distinction without a difference.

Defendant in its papers appears to acknowledge that there is no real difference between this *potential customer* and the potential customer that was the subject of its earlier motion, denied in Discovery Order No. 2 (Document 94), which Order was sustained by the Court in its Order overruling defendants' objections to Special Master's Discovery Order No. 2 (Document 104).  In its present motion, defendant sets out that "('LSA') is suffering at the hands of an overly broad Preliminary Injunction." [Reply brief at Page 1, Line 6]  Defendant further states that:

> "This was the status quo, and that status quo has been unfairly and drastically compromised due to an overly broad and detrimentally inequitable Preliminary Injunction.  It simply does not appear that the Court in issuing the Preliminary Injunction took into consideration both the inequitable consequences of its wording and the many varied legitimate business practices that LSA relies on to operate as a successful business." [Reply brief at Page 9, Lines 3-8]

This position was rejected by the Court in its Order denying defendant, LSA's, Motion for Leave to File Motion for Reconsideration (Document 66).

The Court reaffirmed that position in its Order overruling defendants' objection to Special Master's Discovery Order No. 2 (Document 104) where it stated:

> "To the extent that defendant seeks to revisit or modify the terms of the Injunction, the Court already denied defendants' motion for reconsideration." [Document 104, Page 2 at Lines 21-23]

Even if the present motion is considered as differing from the earlier motion referred to above, it is unpersuasive.

Both sides acknowledge that the entity in question, National Grid, is one of the entities on the Trade Secret list.  Defendants' moving papers make it clear that it is seeking

1   to do business with this entity for the first time.  Thus, National Grid is both a customer of
2   plaintiff and on the Trade Secret list and not a customer of defendant.  The Preliminary
3   Injunction prohibits defendant from: "contacting, communicating, soliciting, dealing or doing
4   business with any of the customers…[on the Trade Secret list]."

5   
6       In attempting to justify its efforts to communicate, deal or do business with National
7   Grid, defendant asserts that "there is no evidence whatsoever that LSA could benefit from
8   the alleged trade secret information at issue at this case."[Reply at Page 1, Lines 10 & 11]
9   and that there is "no evidence" that "LSA could have used any Language Line information to
10  compete for National Grid's account.".[Reply at Page 3, Lines 18, 21 & 22]  The information
11  presented by defendant does not support this assertion.

12      In its opposition to this motion, plaintiff points out that two of its former employees,
13  Patrick Curtin (an individual defendant here) and Jerry Lotierzo are now employees of
14  defendant.  More important, plaintiff asserts that these two individuals were responsible for
15  the National Grid account while in plaintiff's employ.  In attempting to counter that
16  information, defendant provides declarations from the two individuals.  In those
17  declarations both assert that they were not responsible for the National Grid account, but
18  rather that they supervised an individual who was directly responsible.  The declarations go
19  on to state that neither of the two individuals was privy to any potentially useful information
20  regarding National Grid.  However, the very same declarations in both instances set out
21  that National Grid had complaints about the quality of plaintiff's services and about plaintiff's
22  rates.  Moving party's own declarations establish that its present employees, formally
23  employed by plaintiff, were in supervisory roles regarding the National Grid account and
24  that they were well enough informed about that account to be aware of complaints and
25  concerns on the part of National Grid.

26      Plaintiff offers the declaration of its Vice President for Marketing and Sales, Karen
27  Gilhooly, in which she sets forth that she supervised both Mr. Lotierzo and Mr. Curtin, who
28

1  were her direct reports.  She states further that both of those individuals had supervisory
2  management responsibility for National Grid and that they regularly were exposed to
3  confidential communications regarding that customer.

     In summary, the motion fails to demonstrate why defendant should be allowed to avoid the clear language of the Preliminary Injunction.  To the extent the motion seeks a revision or reconsideration of the Injunction's language, that is beyond the scope of the Special Master's authority.

     The parties have ten days from the date of this Order to file any objection.

Dated:  December 22, 2010                                          /s/ Thomas HR Denver
                                                                                    THOMAS HR DENVER