1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                              SAN JOSE DIVISION

8    Language Line Services, Inc.,              NO. C 10-02605 JW

9                    Plaintiff,                 **ORDER OVERRULING DEFENDANT'S**
          v.                                    **OBJECTIONS TO SPECIAL MASTER'S**
10                                              **DISCOVERY ORDER NO. 4**
     Language Services Assoc., LLC, et al.,
11
                     Defendants.
12   _____/

13           Presently before the Court is Language Services Associates, Inc.'s ("Defendant LSA")

14   Objections to the Special Master's December 22, 2010 Discovery Order Number 4.  (hereafter,

15   "Objections," Docket Item No. 111.)  Language Line Services, Inc. ("Plaintiff") filed an Opposition

16   to the Objections.  (Docket Item No. 114.)  The Court finds it appropriate to take the matter under

17   submission without oral argument.  See Civ. L.R. 7-1(b).[1]

18           On December 22, 2010, the Special Master issued Discovery Order No. 4, in which he

19   denied Defendant LSA's Request for Special Master's Recommendation That LSA Can

20   Communicate With National Grid.  (hereafter, "DO 4," Docket Item No. 110.)  In denying

21   Defendant LSA's Request, the Special Master specifically determined that Defendant LSA did not

22   have an existing contractual relationship with National Grid and was prohibited from contacting

23   them pursuant to the terms of the Court's prior Injunction.  (DO 4 at 2-3.)

24   _____

25           [1] Accordingly, the Court DENIES as moot Defendant LSA's Motion for an Order
     Scheduling a Hearing for Defendant LSA's Objections.  (Docket Item No. 113.)  As the Court has
26   previously stated, there is no requirement to grant Defendant "a hearing" on its objections, as
     Federal Rule of Civil Procedure 53(f) merely speaks to "giv[ing] the parties notice and an
27   opportunity to be heard."  Fed. R. Civ. P. 53(f)(1).  (See Docket Item No. 104.)  Here, Defendant
     LSA has filed an extensive brief for the Court's consideration.  (Docket Item No. 111.)  Thus, the
28   Court has afforded Defendant LSA with an opportunity to make its case.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law.  (See Order of Appointment, Docket Item No. 51 at 2.)

Here, the Court finds that the Special Master's recommendation is not clearly erroneous or contrary to law.  The Court's Injunction prevents Defendant from:

> Contacting, communicating, soliciting, dealing, or doing business with any of the customers or their representatives appearing on the Brian List, the September 2009 Report or any other document or records containing any of Plaintiff's Trade Secrets, except where Defendant LSA has an existing contractual relationship with such a customer that was not obtained using any of Plaintiff's Trade Secrets, and only to the extent necessary for Defendant LSA to satisfy its currently existing contractual obligations to that customer.

(Docket Item No. 50 at 10-11.)  The Special Master found that Defendant's own moving papers demonstrated that Defendant LSA was "seeking to do business with this entity for the first time." (DO 4 at 2-3.)  The Special Master also found, and Defendant LSA does not contest, that National Grid was listed on one of the misappropriated trade secret lists.  (Id. at 3; see generally Objections.) Moreover, while Defendant LSA contends that there is no evidence that Defendant LSA could have used any of Plaintiff's information to compete for National Grid's account, the Special Master specifically rejected this contention and noted that two of Plaintiff's former employees, Patrick Curtin (an individual Defendant) and Jerry Lotierzo, who now work for Defendant LSA, had supervisory responsibility for National Grid and thus were exposed to confidential communications regarding that customer.  (DO 4 at 3-4.)  Upon review, the Court finds that these factual findings by the Special Master are not clearly erroneous.  To the extent that Defendant again seeks to revisit or modify the terms of the Injunction, the Court has previously denied Defendant's Motion for Reconsideration.  (See Docket Item No. 66.)

Accordingly, the Court OVERRULES Defendant's Objection to Special Master Discovery Order No. 4.

Dated:  January 19, 2011

JAMES WARE
United States District Chief Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cheryl Stephanie Chang chang@blankrome.com
Christopher Joseph Marino cmarino@cdas.com
Danielle Ochs-Tillotson dot@ogletreedeakins.com
Lawrence Curtis Hinkle hinkle-l@blankrome.com
Mark J. Nagle mnagle@murphyrosen.com
Paul D. Murphy pmurphy@murphyrosen.com
Robert L. Meylan rmeylan@murphyrosen.com
Sarah Rebecca Nichols sarah.nichols@ogletreedeakins.com
Steven Marc Weinberg smweinberg@cdas.com
Thomas H R Denver tdenver@mediationmasters.com

Dated:  **January 19, 2011**                    **Richard W. Wieking, Clerk**


**By:      /s/ JW Chambers**
              **Elizabeth Garcia**
              **Courtroom Deputy**

United States District Court
For the Northern District of California