Danielle Ochs-Tillotson, State Bar No. 178677
danielle.ochstillotson@ogletreedeakins.com
Sarah R. Nichols, State Bar No. 233099
sarah.nichols@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:  415.442.4810
Facsimile:  415.442.4870

Attorneys for Defendants
WILLIAM SCHWARTZ and
PATRICK CURTIN

APPROVED
Judge James Ware

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LANGUAGE LINE SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LANGUAGE SERVICES ASSOCIATES, LLC, a Pennsylvania Corporation; WILLIAM SCHWARTZ, an individual; and PATRICK CURTIN, an individual,<br><br>Defendant. | Case No. 10-cv-02605-JW<br><br>**STIPULATION CLARIFYING SCOPE OF PRELIMINARY INJUNCTION AS IT RELATES TO DEFENDANT PATRICK CURTIN**<br><br><br><br><br><br>Judge:         Hon. James Ware |

Defendant Patrick Curtin ("Curtin") and Plaintiff Language Line Services, Inc. ("Language Line") (collectively the "Parties") enter the following stipulation clarifying the scope of the Preliminary Injunction issued on July 13, 2010 (ECF Doc. 50), as it relates to Curtin, with reference to the following facts:

A. On June 14, 2010, Language Line initiated the instant action against Curtin, his colleague Defendant William Schwartz, and their then employer Defendant Language Services Associates, LLC ("LSA") (collectively "Defendants"). Language Line alleged various claims against Defendants based on the allegation that Defendants had improperly obtained and used

alleged confidential customer information in the form of a "September 2009 Report." The September 2009 Report contained a list of 1,219 entities with whom Language Line alleged it had done business in the language interpretation industry.

B.  On June 14, 2010, Language Line sought a Temporary Restraining Order and Preliminary Injunction. On July 13, 2010, the Court issued a Preliminary Injunction enjoining Defendants from certain activity related to the entities set forth on the September 2009 Report, including, *inter alia*:

> Contacting, communicating, soliciting, dealing, or doing business with any of the customer [sic] or their representatives appearing on the Brian List, the September 2009 Report, or any other document or records containing any of Plaintiff's Trade Secrets, except where Defendant LSA has an existing contractual relationship with such a customer that was not obtained using any of Plaintiff's Trade Secrets, and only to the extent necessary for Defendant LSA to satisfy its currently existing contractual obligations to that customer.

(Order Granting Plaintiff's Application for Preliminary Injunction; Nominating Special Master, p. 10 ¶ D(3) (ECF Doc. 50, 7/13/10).)

C.  Curtin is no longer employed by LSA. Curtin has left the language interpretation industry and is in the process of identifying potential new employers in other industries. The Parties seek to reach agreement on the scope of the conduct enjoined by the Preliminary Injunction, as it relates to Curtin's potential new employment. As used in this Stipulation the term "employment" means a position for hire whether as an employee or independent contractor, and the term "employee" means an employee or independent contractor.

NOW, THEREFORE, with reference to the above-stated facts, the Parties hereto agree and stipulate to the following:

1.  Curtin represents and warrants that: (1) he no longer works for LSA; (2) he has left the language interpretation industry, and (3) is in the process of identifying potential new employers in other industries. As used in this Agreement, the term "language interpretation industry" means the business of providing or arranging for the providing of language interpretation, translation and/or localization services (a "language interpretation provider") through any means, media or technology now or hereafter devised.

2.  The Parties agree and stipulate that the language of the July 13, 2010 Preliminary

Injunction (ECF Doc. 50) (including, without limitation, paragraph D(3) at p. 10) does not preclude Curtin from working for, or doing business with, the entities set forth on the September 2009 Report or in any other document or records containing any of Plaintiff's Trade Secrets (as defined in the Preliminary Injunction), provided the work is unrelated to, and is outside of, the language interpretation industry. Notwithstanding the foregoing, Curtin may not use or disclose any of the Language Line Trade Secrets for any purpose.

3. Within five (5) business days of obtaining new employment with a customer on the September 2009 Report, Curtin will notify the Special Master (under his authority as the Special Master in this litigation) through his legal counsel of the new employment, including the name of the employer/commissioning party and his position and responsibilities.

4. The Parties further agree and stipulate that any dispute over the scope of the conduct enjoined by the Preliminary Injunction, as it relates to Patrick Curtin's potential or actual employment, shall be resolved by first raising the issue with Special Master Tom Denver (so long as he remains appointed to this action by the Court).

5. Should the Preliminary Injunction be dissolved, this stipulation shall terminate. Should the Preliminary Injunction be modified to exclude one or more of the entities set forth on the September 2009 Report, the limitations imposed on Curtin herein shall not apply to that and/or those entities.

SO STIPULATED.

Dated: September 8, 2011  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   / s / Danielle Ochs-Tillotson
DANIELLE OCHS-TILLOTSON
SARAH R. NICHOLS
Attorneys for Defendants
WILLIAM SCHWARTZ and PATRICK CURTIN

| | | |
|---|---|---|
| 1 | Dated: September 8, 2011 | HOLMES WEINBERG, P.C. |

By:     / s / Steven M. Weinberg
           STEVEN M. WEINBERG
           Attorneys for Plaintiff and Counter-Defendant
           LANGUAGE LINE SERVICES, INC. and Third Party
           Defendant BRYAN LUCAS

Dated: September 8, 2011         MURPHY ROSEN MEYLAN & DAVITT LLP

By:     / s / Paul D. Murphy
           ROBERT L. MEYLAN
           PAUL D. MURPHY
           Attorneys for Plaintiff and Counter-Defendant
           LANGUAGE LINE SERVICES, INC. and Third Party
           Defendant BRYAN LUCAS