1  Danielle Ochs-Tillotson, State Bar No. 178677
   danielle.ochstillotson@ogletreedeakins.com
2  Sarah R. Nichols, State Bar No. 233099
   sarah.nichols@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:    415.442.4810
   Facsimile:    415.442.4870
6
7  Attorneys for Defendants
   WILLIAM SCHWARTZ and
   PATRICK CURTIN
8

9

**APPROVED**

*Judge James Ware*

10                  **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12                        **SAN JOSE DIVISION**

13

| | |
|---|---|
| 14  LANGUAGE LINE SERVICES, INC., a Delaware Corporation, | Case No. 10-cv-02605-JW |
| 15              Plaintiff, | **STIPULATION CLARIFYING SCOPE OF PRELIMINARY INJUNCTION AS IT RELATES TO DEFENDANT PATRICK CURTIN** |
| 16        vs. | |
| 17  LANGUAGE SERVICES ASSOCIATES, LLC, a Pennsylvania Corporation; WILLIAM SCHWARTZ, an individual; and PATRICK CURTIN, an individual, | |
| 18 | |
| 19              Defendant. | Judge:          Hon. James Ware |
| 20 | |

21        Defendant Patrick Curtin ("Curtin") and Plaintiff Language Line Services, Inc. ("Language

22  Line") (collectively the "Parties") enter the following stipulation clarifying the scope of the

23  Preliminary Injunction issued on July 13, 2010 (ECF Doc. 50), as it relates to Curtin, with

24  reference to the following facts:

25        A.      On June 14, 2010, Language Line initiated the instant action against Curtin, his

26  colleague Defendant William Schwartz, and their then employer Defendant Language Services

27  Associates, LLC ("LSA") (collectively "Defendants").  Language Line alleged various claims

28  against Defendants based on the allegation that Defendants had improperly obtained and used

**STIPULATION CLARIFYING SCOPE OF PRELIMINARY INJUNCTION AS IT RELATES TO
DEFENDANT PATRICK CURTIN**

1  alleged confidential customer information in the form of a "September 2009 Report."  The

2  September 2009 Report contained a list of 1,219 entities with whom Language Line alleged it had

3  done business in the language interpretation industry.

4          B.     On June 14, 2010, Language Line sought a Temporary Restraining Order and

5  Preliminary Injunction.  On July 13, 2010, the Court issued a Preliminary Injunction enjoining

6  Defendants from certain activity related to the entities set forth on the September 2009 Report,

7  including, *inter alia*:

> Contacting, communicating, soliciting, dealing, or doing business with any of the
> customer [sic] or their representatives appearing on the Brian List, the September
> 2009 Report, or any other document or records containing any of Plaintiff's Trade
> Secrets, except where Defendant LSA has an existing contractual relationship
> with such a customer that was not obtained using any of Plaintiff's Trade Secrets,
> and only to the extent necessary for Defendant LSA to satisfy its currently
> existing contractual obligations to that customer.

(Order Granting Plaintiff's Application for Preliminary Injunction; Nominating Special Master,
p. 10 ¶ D(3) (ECF Doc. 50, 7/13/10).)

14          C.     Curtin is no longer employed by LSA.  Curtin has left the language interpretation

15  industry and is in the process of identifying potential new employers in other industries.  The

16  Parties seek to reach agreement on the scope of the conduct enjoined by the Preliminary Injunction,

17  as it relates to Curtin's potential new employment.  As used in this Stipulation the term

18  "employment" means a position for hire whether as an employee or independent contractor, and

19  the term "employee" means an employee or independent contractor.

20          NOW, THEREFORE, with reference to the above-stated facts, the Parties hereto agree and

21  stipulate to the following:

22          1.     Curtin represents and warrants that: (1) he no longer works for LSA; (2) he has left

23  the language interpretation industry, and (3) is in the process of identifying potential new

24  employers in other industries. As used in this Agreement, the term "language interpretation

25  industry" means the business of providing or arranging for the providing of language interpretation,

26  translation and/or localization services (a "language interpretation provider") through any means,

27  media or technology now or hereafter devised.

28          2.     The Parties agree and stipulate that the language of the July 13, 2010 Preliminary

**STIPULATION CLARIFYING SCOPE OF PRELIMINARY INJUNCTION AS IT RELATES TO
DEFENDANT PATRICK CURTIN**

Injunction (ECF Doc. 50) (including, without limitation, paragraph D(3) at p. 10) does not preclude Curtin from working for, or doing business with, the entities set forth on the September 2009 Report or in any other document or records containing any of Plaintiff's Trade Secrets (as defined in the Preliminary Injunction), provided the work is unrelated to, and is outside of, the language interpretation industry.  Notwithstanding the foregoing, Curtin may not use or disclose any of the Language Line Trade Secrets for any purpose.

3.      Within five (5) business days of obtaining new employment with a customer on the September 2009 Report, Curtin will notify the Special Master (under his authority as the Special Master in this litigation) through his legal counsel of the new employment, including the name of the employer/commissioning party and his position and responsibilities.

4.      The Parties further agree and stipulate that any dispute over the scope of the conduct enjoined by the Preliminary Injunction, as it relates to Patrick Curtin's potential or actual employment, shall be resolved by first raising the issue with Special Master Tom Denver (so long as he remains appointed to this action by the Court).

5.      Should the Preliminary Injunction be dissolved, this stipulation shall terminate. Should the Preliminary Injunction be modified to exclude one or more of the entities set forth on the September 2009 Report, the limitations imposed on Curtin herein shall not apply to that and/or those entities.

SO STIPULATED.

Dated:  September 8, 2011                    OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.


                                     By:     / s / Danielle Ochs-Tillotson
                                             DANIELLE OCHS-TILLOTSON
                                             SARAH R. NICHOLS
                                             Attorneys for Defendants
                                             WILLIAM SCHWARTZ and PATRICK CURTIN

STIPULATION CLARIFYING SCOPE OF PRELIMINARY INJUNCTION AS IT RELATES TO
DEFENDANT PATRICK CURTIN

1    Dated:  September 8, 2011                    HOLMES WEINBERG, P.C.

2

3                                         By:    / s / Steven M. Weinberg
                                                STEVEN M. WEINBERG
4                                               Attorneys for Plaintiff and Counter-Defendant
                                                LANGUAGE LINE SERVICES, INC. and Third Party
5                                               Defendant BRYAN LUCAS

6
     Dated:  September 8, 2011                    MURPHY ROSEN MEYLAN & DAVITT LLP
7

8
                                          By:    / s / Paul D. Murphy
9                                               ROBERT L. MEYLAN
                                                PAUL D. MURPHY
10                                              Attorneys for Plaintiff and Counter-Defendant
                                                LANGUAGE LINE SERVICES, INC. and Third Party
11                                              Defendant BRYAN LUCAS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATION CLARIFYING SCOPE OF PRELIMINARY INJUNCTION AS IT RELATES TO
DEFENDANT PATRICK CURTIN**