IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Language Line Services, Inc., | NO. C 10-02605 JW |
| Plaintiff, v. | **ORDER OVERRULING DEFENDANT'S OBJECTIONS TO SPECIAL MASTER'S DISCOVERY ORDERS NO. 6 AND 7** |
| Language Services Assoc., LLC, et al., | |
| Defendants. | |

Presently before the Court are Language Services Associates, Inc.'s ("Defendant") Objections to Special Master's September 8, 2011 Discovery Order #6 and Special Master's September 8, 2011 Discovery Order #7.[1] Plaintiff has filed Oppositions to both Objections. (See Docket Item Nos. 202, 203.) The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b).[2]

---

[1] (Language Services Associates, Inc.'s Unredacted Objection to the Special Master's September 8, 2011 Discovery Order No. 6 Regarding Vacating or Modifying the Injunction, Docket Item No. 191; Language Services Associates, Inc.'s Unredacted Objection to the Special Master's September 8, 2011 Discovery Order No. 7 Regarding Civil Contempt, Docket Item No. 192.)

[2] Accordingly, the Court DENIES Defendant's Application for Order Scheduling Hearing Regarding Language Services Associates, Inc.'s Objections to the Special Master's September 8, 2011 Discovery Order Nos. 6 & 7. (Docket Item No. 194.) In its Application, Defendant contends that a hearing on objections to a special master's recommendation "is mandatory" under Federal Rule of Civil Procedure 53(f). (Id. at 1-2.) However, as the Court has previously explained, Rule 53(f) "merely speaks to 'giv[ing] the parties notice and an opportunity to be heard,'" and does not "require a hearing." (See Order Overruling Defendant's Objections to Special Master's Discovery Order No. 2 at 1 n.1, Docket Item No. 104.) Here, Defendant has filed extensive briefs in support of its Objections.

On September 8, 2011, the Special Master issued Discovery Order No. 6, in which he denied Defendant's request for a report and recommendation to vacate or modify the injunction[3] in this case. (hereafter, "DO 6," Docket Item No. 168.) In Discovery Order No. 6, the Special Master determined that: (1) the Injunction should not be vacated as to "non-over the phone interpretation services"; (2) the Injunction should not be vacated as to "customers in a group purchase organization"; (3) the Injunction should not be vacated "completely due to stale information"; (4) the Injunction should not be modified so as to reduce the number of companies affected by it; and (5) a bond in the amount of $50,000,000 should not be entered. (DO 6 at 2-9.) On September 8, 2011, the Special Master also issued Discovery Order No. 7, in which he granted Plaintiff's request for a determination that Defendant was in contempt of court for violation of the Injunction. (hereafter, "DO 7," Docket Item No. 169.) In Discovery Order No. 7, the Special Master determined that: (1) Defendant has failed to implement a "rigorous plan to insure compliance" with the Injunction; (2) Defendant has avoided "seeking clarification of what [is] permissible" under the Injunction; (3) Defendant has adopted an "unreasonable interpretation" of the terms of the Injunction; and (4) Defendant admits to having had "numerous contacts" with entities whom it was prohibited from contacting under the terms of the Injunction. (DO 7 at 2-10.)

The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law. (See Order of Appointment at 2, Docket Item No. 51.)

**A.     Discovery Order No. 6**

In Discovery Report No. 6, the Special Master found that none of the modifications proposed by Defendant to the Injunction should be made. First, the Special Master rejected Defendant's contention that the Injunction should be modified so as to limit its terms solely to "over the phone interpretation" ("OPI") services. (DO 6 at 3.) As the Special Master explained, if Defendant were allowed to contact companies whom it is prohibited by the Injunction to contact "for the purpose of

---

[3] (See Order Granting Plaintiff's Application for Preliminary Injunction; Nominating Special Master at 10-11, hereafter, "Injunction," Docket Item No. 50.)

2

1 selling non[-]OPI services," then Defendant would "have a foot in the door [to contact companies
2 whom it is enjoined from contacting]," which is "the very conduct the Injunction seeks to prevent."
3 (Id. at 3-4.) Second, the Special Master rejected Defendant's contention that the Injunction should
4 be vacated as to customers in a Group Purchase Organization ("GPO"). (Id. at 4.) As the Special
5 Master explained, the Court has already upheld an order issued by the Special Master denying
6 Defendant's request to "do business with . . . an entity involved in a GPO." (Id. (citing Docket Item
7 No. 136).) Further, the Special Master found that Defendant had failed to present any evidence as to
8 why GPOs should be treated differently under the Injunction. (Id.)

9 Third, the Special Master rejected Defendant's contention that the Injunction should either
10 be vacated entirely "due to stale information" or be reduced as to the number of companies at issue.
11 (Id. at 5.) The Special Master explained that this contention, which "represents the heart of [the
12 motion]," rests "almost entirely" on Defendant's contention that the "imaging and examination of
13 [Defendant's] computer by Evolver [the "Evolver Report"] . . . demonstrates that [a certain customer
14 list] does not now and never has resided on those computers." (Id.) However, as the Special Master
15 explained, this contention is incorrect on several grounds, including: (1) the fact that the Evolver
16 Report itself states that it only provides "preliminary" observations; and (2) the fact that the Evolver
17 Report explains that if the customer list at issue were "on the computer system and deleted," it
18 would only be found in "unallocated space" on the computer system, although such unallocated
19 space "has not yet been examined." (Id.) Finally, the Special Master rejected Defendant's
20 contention that a bond of $50,000,000 should be entered. (Id. at 8.) As the Special Master
21 explained, the Court has already denied this request on several occasions. (Id.)

22 Upon review, the Court finds that none of these findings by the Special Master are clearly
23 erroneous. Further, to the extent that Defendant is seeking to revisit or modify the terms of the
24 Injunction itself, the Court has already denied Defendant's Motion for Reconsideration. (See
25 Docket Item No. 66.) Accordingly, the Court OVERRULES Defendant's Objection to Discovery
26 Order No. 6.

B. **Discovery Order No. 7**

In Discovery Report No. 7, the Special Master specifically found that "four aspects of [Defendant's] conduct in relation to the language of the [Injunction] . . . support, by clear and convincing evidence, a finding [that Defendant is in] contempt." (DO 7 at 2-3.) First, the Special Master specifically found that Defendant's program to insure compliance with the Injunction "fell far short of what the Injunction required," inasmuch as a declaration from one of Defendant's employees made clear that he "was authorized to approach [both] customers and potential customers," even though such conduct is "clearly prohibited under the language of the Injunction." (Id. at 3-4.) Second, the Special Master found that Defendant, far from having made "every reasonable effort" to comply with the Injunction, had in fact "made significant efforts to avoid the limitations imposed upon it by the Injunction." (Id. at 7-8.) In particular, the Special Master observed that Defendant itself had "acknowledged" making contacts with companies in violation of the Injunction. (Id. at 7.) Third, the Special Master found that Defendant had not based its actions on a "good faith and reasonable interpretation" of the Injunction, insofar as it "chose to interpret" one sentence in the Injunction as a "broad license to contact many entities" on a list of companies it was enjoined from contacting. (Id. at 8-9.) Finally, the Special Master observed that Defendant "admits" to having had contacts with more than twenty of the entities which it is enjoined from contacting. (Id. at 9-10.)

Upon review, the Court finds that none of these findings by the Special Master are clearly erroneous.[4] Accordingly, the Court OVERRULES Defendant's Objection to Discovery Order No. 7.

Dated: October 13, 2011

JAMES WARE
United States District Chief Judge

---

[4] The Special Master also observed that Plaintiff seeks an award of attorney fees as a sanction for Defendant's contempt, and recommended that "any award of sanctions should be pursuant to a further noticed and briefed hearing." (Id. at 11.)

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cheryl Stephanie Chang chang@blankrome.com
Christopher Joseph Marino cmarino@holmesweinberg.com
Danielle Ochs-Tillotson dot@ogletreedeakins.com
Leigh Ann Buziak lbuziak@blankrome.com
Mark J. Nagle mnagle@murphyrosen.com
Paul D. Murphy pmurphy@murphyrosen.com
Paul D. Murphy pmurphy@murphyrosen.com
Robert L. Meylan rmeylan@murphyrosen.com
Sarah Rebecca Nichols sarah.nichols@ogletreedeakins.com
Steven Marc Weinberg smweinberg@holmesweinberg.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated: October 13, 2011**     **Richard W. Wieking, Clerk**

**By:      /s/ JW Chambers**
      **Susan Imbriani**
      **Courtroom Deputy**

**United States District Court**
For the Northern District of California