IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Language Line Services, Inc., | NO. C 10-02605 JW |
| Plaintiff, | **ORDER OVERRULING DEFENDANT'S OBJECTION TO SPECIAL MASTER'S DISCOVERY ORDER NO. 8** |
| v. | |
| Language Services Assoc., LLC, et al., | |
| Defendants. | |

Presently before the Court is Language Service Associates, Inc.'s ("Defendant") Objection to Special Master's Recommended Discovery Order No. 8.[1] Plaintiff has filed an Opposition to Defendant's Objections. (See Docket Item No. 231.) The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b).[2]

On December 6, 2011, the Special Master issued Recommended Discovery Order No. 8, in which he granted Plaintiff's Motion for Attorney Fees.[3] The Special Master granted Plaintiff fees in the amount of $105,771.25.[4] Plaintiff moved for attorney fees pursuant to the Court's October 13,

---

[1] (Defendant Language Service Associates, Inc.'s Objection to Special Master's Recommended Discovery Order #8, hereafter, "Objection," Docket Item No. 224.)

[2] On December 19, 2011, the Court denied Defendant's application for an order scheduling hearing, explaining that a hearing is not mandatory in regard to a party's objections to a special master's report in this type of case. (See Order Denying Application for Order Scheduling Hearing at 2-3, Docket Item No. 226.)

[3] (Recommended Discovery Order #8 on Plaintiff, Language Line Services, Inc.'s, Revised Motion for Attorneys' Fees at 10, hereafter, "DO 8," Docket Item No. 220.)

[4] Although Discovery Order 8 initially listed $110, 978 as the total award, the Special Master subsequently filed an Amendment stating that the total in the Order had failed to discount those items he had disallowed, and the total award of fees was actually $105,771.25. (See Docket Item No. 230.)

2011 Order.[5]  In his Recommended Discovery Order, the Special Master determined that: (1) the number of hours claimed by Plaintiff was reasonable in light of the importance of the motion involved; (2) the descriptions of work performed were not overly vague; and (3) the rates charged by Plaintiff's attorneys were reasonable in light of their experience and customary rates in the region. (See DO 8 at 3-8.)  The Special Master also ordered that absent a contrary directive from the Court, payment of the ordered fees was due within twenty days from the date his Order became final.  (Id. at 10.)

The Court reviews a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law.  (See Order of Appointment at 2, Docket Item No. 51.)

**A**.   **<u>Objections to the Amount of Fees</u>**

Defendant objects to the Special Master's Order on the grounds that (1) the number of hours billed by Plaintiff's attorneys is unreasonable and reflects an unnecessary overlap of work; (2) the billing statements provided by Plaintiff are overly vague and therefore cannot support an award of fees; and (3) Plaintiff failed to provide evidence that the rates charged by its attorneys are reasonable.[6]  Defendant raised each of these arguments to the Special Master in opposing Plaintiff's Motion for fees.  (See Docket Item No. 224-4.)

With regard to the number of hours billed, the Court finds that the Special Master was not clearly erroneous in his determination that the number of hours was reasonable in light of the importance of Plaintiff's anti-SLAPP motion.  As the Special Master noted, Defendant had asserted twelve counter-claims against Plaintiff, and Plaintiff was "successful" on eleven of those twelve counter-claims.  (DO 8 at 5-6.)  The Special Master observed that Plaintiff spent "approximately $100,000" to "avoid the necessity of fully litigating [eleven] causes of action" which collectively

---

[5] (Order Granting in part and Denying in part Counter-Defendant Language Line's Anti-SLAPP Motion and Counter-Defendant Language Line's Motion to Dismiss, hereafter, "October 13 Order," Docket Item No. 205.)

[6] (Objection at 2.)

2

sought "$50,000,000 in damages," and found that the amount of "time and dollars" Plaintiff devoted to the motion were not "disproportionate [or] excessive." (Id.)  Further, as the Ninth Circuit has noted, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).  Even under this deferential standard, the Special Master reviewed the billing entries submitted by Plaintiff "with great care" and determined that they were reasonable in light of the importance of the anti-SLAPP Motion.[7]  Upon review of the Special Master's assessment and its own review of the billing entries, the Court finds that the number of hours billed is not excessive.

Further, the Court finds that: (1) the billing statements submitted by Plaintiff are not overly vague; and (2) they provide sufficient detail to justify the award given.  The Special Master, after considering Defendant's objections to vagueness and reviewing the work descriptions "with great care," concluded that "the [billing] entries appear to be well within the standards of clarity to be expected.  The various tasks are described succinctly and briefly, but adequately to allow an understanding.  There is simply no support for a claim of vagueness." (DO 8 at 5.)  Based on both the Special Master's conclusions and its own review of the work descriptions provided by Plaintiff's attorneys, the Court finds that the descriptions are not overly vague.

Finally, with regard to whether the hourly rate charged by Plaintiff's attorneys is appropriate, the Court finds no support for Defendant's contention that the rates at issue are unreasonable.  In determining whether an hourly rate is reasonable, "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).  The Court finds that the Special Master was correct in determining that "[t]hese rates are very much within the range encountered within this

---

[7] Defendant also objects to the fact that Plaintiff's attorneys billed approximately 100 hours in relation to the anti-SLAPP reply brief, which nearly equals the amount of time billed for the opening brief. (Objection at 15.)  The Court finds, however, that the Special Master was not clearly erroneous in concluding that the number of hours was reasonable in light of the complexity and importance of the issues raised for the first time in Defendant's Opposition to the anti-SLAPP Motion. (DO 8 at 5.)

3

district, if not at the lower end, for attorneys similarly situated."[8] (DO 8 at 4.) Thus, the Court finds that the hourly fee rate billed by Plaintiff's attorneys is reasonable.

In sum, the Court finds that the Special Master was not clearly erroneous in determining that number of hours billed by Plaintiff's attorneys was reasonable, that the description of these work hours was adequate, and that the hourly rate charged was reasonable. Accordingly, the Court OVERRULES Defendant's objections to the amount of fees recommended by the Special Master.

**B.** **Timing of Payment**

Defendant contends that Plaintiff's Motion for Attorneys' Fees is premature, as the Court's Order granting Plaintiff's anti-SLAPP Motion is an interlocutory order which Defendant cannot immediately appeal.[9] Thus, Defendant asks the Court to delay awarding fees until the end of this litigation. (Id.)

Upon review, the Court finds no reason to delay the payment of fees between the parties. While Defendant is correct that a favorable appellate ruling would eliminate their obligation to pay fees,[10] this does not provide sufficient reason to delay payment. The anti-SLAPP statute makes the award of attorney fees mandatory to a prevailing party. See Cal. Civ. Proc. Code § 425.16(c)(1). The Court finds that because Plaintiff prevailed on its anti-SLAPP motion, and had to expend significant legal fees in order to do so, Plaintiff should not bear the burden of waiting for appellate review to be compensated for such expenditures.

Accordingly, the Court OVERRULES Defendant's objection to the awarding of fees before the termination of this litigation. However, in light of the size of the fee award at issue, the Court

---

[8] Defendant also contend that Plaintiff's fee request is excessive because Plaintiff's counsel should have distributed more work to junior level associates and reduced the amount of work performed by partners with a higher billing rate. (Objection at 21.) The Court finds, however, that the Special Master was correct to conclude that Defendant offers "nothing other than naked argument" in support of its assertions that work was distributed inefficiently. (DO 8 at 7.) Further, since even the partners representing Plaintiff billed at a rate of only $425 per hour, the Court will not second-guess the distribution of work among Plaintiff's attorneys on their successful dispositive motion.

[9] (Objection at 9.)

[10] (See Objection at 9-10.)

4

does find that allowing Defendant forty-five days to make payment, rather than the twenty days recommended by the Special Master, adequately protects Plaintiff's interests.

**C.     Conclusion**

The Court OVERRULES Defendant's objections to Special Master's Discovery Order No. 8. On or before **March 9, 2012**, Defendant shall pay Plaintiff $105,771.25 in attorney fees.

Dated:  January 23, 2012

JAMES WARE
United States District Chief Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Cheryl Stephanie Chang chang@blankrome.com
Christopher Joseph Marino cmarino@holmesweinberg.com
Danielle Ochs-Tillotson dot@ogletreedeakins.com
Leigh Ann Buziak lbuziak@blankrome.com
Mark J. Nagle mnagle@murphyrosen.com
Michael Thomas Murphy Murphy-m@blankrome.com
Paul D. Murphy pmurphy@murphyrosen.com
Paul D. Murphy pmurphy@murphyrosen.com
Robert L. Meylan rmeylan@murphyrosen.com
Sarah Rebecca Nichols sarah.nichols@ogletreedeakins.com
Scott Fitzgerald Cooper cooper@blankrome.com
Steven Marc Weinberg smweinberg@holmesweinberg.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated: January 23, 2012**                                   **Richard W. Wieking, Clerk**

                                                         **By:**    **/s/ JW Chambers**
                                                                    **Susan Imbriani**
                                                                    **Courtroom Deputy**