IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LANGUAGE LINE SERVICES, INC., | No. CV 10-02605 RS |
| Plaintiff, | **ORDER ADOPTING SPECIAL MASTER'S RECOMMENDATION AND OVERRULING DEFENDANTS' OBJECTIONS** |
| v. | |
| LANGUAGE SERVICES ASSOCIATES, INC., WILLIAM SCHWARTZ, PATRICK CURTIN, AND DOES 1-50, | |
| Defendants. | |

This trade secrets litigation involves a dispute between two competitors, Language Line Services, Inc. ("Language Line") and Language Services Associates ("LSA").  Presently before the Court is LSA's Objection to Special Master Denver's October 26, 2012 Recommended Discovery Order No. 16 denying LSA's motion to compel the Bridge Report.  A Special Master's determination of facts and law are reviewed *de novo*.  Fed. R. Civ. Proc. 53(f)(3)-(4).  A Master's ruling on procedural matters, however, is reviewed for abuse of discretion.  Fed. R. Civ. Proc. 53(f)(4).  Pursuant to Civil Local Rule 7-1(b), this matter has been taken under

submission and decided without oral argument.

Recommended Discovery Order No. 16 found that LSA's motion to compel was untimely, and the motion was therefore denied. In support of this finding, the Special Master provided a timeline of important events. LSA was informed of the existence of the Bridge Report on April 18, 2012. Language Lines provided a summary document of information sought by LSA on April 25, 2012. Fact discovery closed on May 4, 2012. On May 11, 2012, LSA brought a timely motion for sanctions based on alleged discovery abuses, one of which was the non-production of the Bridge Report. Significantly, defendant did not bring a motion to compel production of that Report, nor did defendant notify the Court of its intent to make such a filing. Indeed, defendant's counsel made clear it did not intend to seek to re-open discovery. The seven-day period in which discovery motions could be brought pursuant to Local Rule 37-3 thus expired. After the motion for sanctions was denied, LSA filed a motion on September 11, 2012 that is the subject of the Special Master's Recommendation that is now under review.

LSA contends that the motion to compel was timely, as its intent to seek production of the Bridge Report was made clear in its motion for sanctions. Both plaintiff and the Special Master, it argues, were therefore aware of the eventual request. In support of this argument, defendant cites *Angel v. N. Coast Couriers*, 2012 WL 380285 (N.D. Cal. Feb. 6, 2012). In that case, however, plaintiff filed a discovery letter brief with the court within the seven-day deadline, indicating its intent to file a motion to compel. *Id.* at *2. The court then granted the request for leave to file, extending the deadline plaintiff had in which to do so. *Id.* In the present case, no such formal request was lodged. Rather, defendant merely stated its belief that plaintiff was under an obligation to produce the Bridge Report, without ever following proper procedures to ensure its production. There is no reason LSA could not have filed such a motion or notice of motion concurrently with its motion for sanctions. LSA made a choice not to do so, and now must accept the consequences of that decision.

Moreover, there is no evidence to suggest LSA is prejudiced by the non-disclosure. While LSA contends the information is necessary to confirm the value and accuracy of the

1 September 2009 Report, it fails to explain why the summary document of financial information it
2 requested from Language Lines is inadequate. LSA simply insists on receiving what it believes
3 to be the "best evidence." In response, Language Lines avers the Report is only tangentially
4 relevant to the case as it serves as an "executive dashboard" and is therefore not co-extensive
5 with the 2009 Report. After review of the record, it appears production of the Bridge Report
6 would merely duplicate information LSA has already obtained from Language Lines through
7 discovery. LSA cannot be prejudiced by such duplicative withholding.

After de novo review of the procedural history of this case, this Court finds the Special Master acted within his discretion in determining LSA's motion to compel the Bridge Report was untimely and must be denied. LSA's Objections to Special Master's October 26, 2012 Recommended Discovery Order No. 16 are therefore overruled.

IT IS SO ORDERED.

Dated: 11/30/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE